## Hetrick v. Hartman (No. 2)

*Compton & Handler,* and *Kain, Kain & Kain,* for plaintiff.

*William W. Hafer,* for defendant.

ANDERSON, J., January 7, 1952.—In this action in assumpsit plaintiff has moved for judgment on the pleadings pursuant to Rule 1034 of the Rules of Civil Procedure and after oral argument the matter is before the court for decision. The complaint declares that William E. Hartman, husband of defendant, Mable O. Hartman, died at the home of his daughter in 1950 leaving no estate. He and his wife owned a property in New Market as tenants by the entireties, title to which passed to his wife upon his death. The daughter notified her mother of the father's death, but his wife made no arrangements for burial which were made with plaintiff by the daughter. Plaintiff has now brought suit against the widow for the funeral expenses now due in the amount of $360.

In a previous opinion filed July 19, 1951, 80 D. & C. 342, and incorporated herein and made a part hereof by reference, we held that under the facts alleged in the complaint a good cause of action had been stated and that a widow is under a legal duty to defray the reasonable expenses of her indigent deceased husband's funeral. This duty is based upon public policy, common decency and the duties and obligations arising from the marriage contract relationship, and when the service is performed by an undertaker in good faith a contract with the surviving spouse is implied by law covering the reasonable expense thereof.

Defendant has now filed an answer in which the averments of eight paragraphs of the complaint are admitted and the remaining four paragraphs are allegedly denied or put in issue and has also pleaded new matter which states that defendant's deceased husband had deserted her more than a year before his death and that he also carried a life insurance policy at the time of his death. Plaintiff asserts that the alleged denials in defendant's answer are not proper legal denials and that the new matter is irrelevant and immaterial and therefore seeks judgment.

In her answer defendant states that the averments of paragraph 7 of the complaint are put in issue by virtue of the Rules of Civil Procedure. This is an action in assumpsit and pursuant to rule 1029(b) averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. Consequently the averments of paragraph 7 are deemed to be admitted by the above-mentioned pleadings.

In paragraph 8 defendant denies that she ever authorized Mrs. David E. Ream to act on her behalf or as her agent. Assuming the other undenied facts set forth in the complaint to be true, the agency is implied by law. (See opinion previously filed in this matter

July 19, 1951,. and hereinabove referred to.) Consequently this averment is of no avail. As to the second averment that defendant is without knowledge sufficient to form a belief as to the custom in regards to funeral services and the demand for proof thereof, it is evident that this averment does not properly comply with rule 1029(c) since there is no allegation that defendant has made a reasonable investigation, which is a requisite of such a denial and demand for proof. In addition defendant admits the averments of paragraph 9 which are virtually a restatement of this portion of paragraph 8. Paragraph 8 is therefore taken as admitted under defendant's answer.

Defendant demands proof of the averments of paragraph 11 of plaintiff's complaint and avers that the means of proof are in the exclusive control of plaintiff. This would seem to be a proper denial under rule 1029(c)2. Plaintiff asserts that this is not a proper denial since the word "because" is omitted from the allegation. While from a strictly technical viewpoint there might be some merit in this contention, yet the phraseology used complies substantially with the rule and it will be considered a valid pleading. In paragraph 12 plaintiff states in effect that a certain sum is due and owing from defendant to plaintiff which defendant has refused to pay. Defendant in her answer denies that she owes plaintiff any sum whatever. Again this is a resubmission of the question previously ruled upon on preliminary objections and since by the pleadings all averments of plaintiff's complaint are admitted as interpreted and ruled upon by the court herein except paragraph 11, it follows that the only question for determination by a jury will be that raised by paragraph 11, to wit: Did decedent possess any estate at the time of his death or was he indigent? This is unquestionable unless defendant in the allegations of new

matter has raised some relevant question pertinent to the issue.

Under new matter defendant asserts first that decedent, defendant's husband, deserted her in October of 1949, and second, that decedent at the time of his death in November 1950 carried a life insurance policy of the approximate value of $700, on which the premiums were fully paid but that the beneficiary named in the policy is unknown to defendant.

Defendant's counsel argues very earnestly that if it can be proven that the husband deserted his wife, she under no circumstances then could be held liable for his funeral expenses. Counsel admits there is no established authority for this view but contends that the situation is analogous to the provisions of the Intestate Act, which by statute prohibits a deserting spouse from participating in the real or personal estate of the deceased spouse. This, of course, is established by statute and there is no law or authority to justify or warrant the application of this principle to the question of funeral expenses. It is also to be borne in mind that this is not a surviving spouse making a claim but a third person, an undertaker, who has provided services and material and now seeks to be paid from a surviving spouse. In all fairness and good conscience should the undertaker be called upon to donate this funeral or should the widow, who received the benefit of the real estate held by herself and her husband as tenants by the entireties pay the funeral expenses? There is but one answer. If the alleged desertion is a defense then it would seem to follow that any valid grounds for divorce could be presented as a defense, all of which would certainly present collateral and extraneous matters. If defendant had grounds for divorce then she should have pursued them to a conclusion which would have forever ended the marriage relationship and concomitant responsibilities. But not having

done that it would now seem absurd to submit to a jury the question of whether defendant is, or was, entitled to a divorce from her deceased husband, who is, of course, not available to speak for himself.

As to the second allegation to the effect that the husband had an insurance policy fully paid at the time of his demise the only possible manner in which this could be pertinent would be in the event the policy was payable to his estate for if payable directly to a beneficiary the fund would be in no wise a part of decedent's estate. Certainly defendant should be permitted to establish the fact that decedent had insurance payable to his estate at the time of his death and under paragraph 11 of plaintiff's complaint it will be incumbent upon plaintiff to prove that decedent had no estate and upon that issue defendant may present any evidence relative thereto including evidence of insurance constituting a part of decedent's estate or liable for payment of his funeral expenses.

Under rule 1034(*b*), on a motion for judgment on the pleadings, the court shall enter such judgment or order as shall be proper on the pleadings. In the instant case were it not for the denial of paragraph 11 of plaintiff's statement, judgment could and should be entered for plaintiff on the pleadings. However, this paragraph presents a question of fact properly denied by defendant, which must be proven and therefore judgment in toto may not be entered. However, since all the other pertinent averments of fact in plaintiff's complaint are admitted there will be but one question to be submitted to the jury in the event the case goes to trial and we therefore enter the following order:

And now, to wit, January 7, 1952, it is ordered, adjudged and decreed that pursuant to the pleadings filed in this proceeding the sole question at issue is that raised by paragraph 11 of plaintiff's complaint and con-

370

sequently this is the only question to be submitted to the jury on the trial of the case. Judgment on the pleadings as requested by plaintiff is therefore refused.